```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```
MARK FRIZZELL,

    Plaintiff,

v.                                    Case No.: 8:15-cv-1890-T-33EAJ

TAR-MAK USA, INC. a Florida
Profit Corporation,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Plaintiff Mark Frizzell's Motion for Entry of Default Final Judgment (Doc. # 11), filed on November 10, 2015. For the reasons that follow, the Court grants the Motion as set forth herein.

**I.  Background**

On August 14, 2015, Frizzell initiated this action against Tar-Mak USA, Inc. (Doc. # 1). The Complaint seeks relief for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Id.). Within the Complaint, Frizzell provides that he "was at all times material, employed by [Tar-Mak] as a warehouse/forklift operator, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with [Tar-Mak] was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a)." (Id. at ¶¶ 4).

Frizzell further alleges that:

1

> Since . . . February 2013, up to and including July 16, 2015, Defendant [Tar-Mak] has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically [Frizzell], since February 2013, has worked in excess of 40 hours a week virtually every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.
>
> The failure to pay overtime compensation to [Frizzell] is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.
>
> [Tar-Mak']s actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and [Frizzell's] status as non-exempt, but chose not to pay him in accordance with the Act.

(Id. at ¶¶ 6-8).

Frizzell effected service of process on Tar-Mak on September 1, 2015. (Doc. # 5). Tar-Mark failed to respond to the Complaint. As a result, on October 8, 2015, Frizzell filed an application for Clerk's default against Tar-Mak (Doc. # 8), and the Clerk issued its entry of default on October 19, 2015 (Doc. # 9). Thereafter, Frizzell filed the present Motion.

Based upon the Clerk's entry of default, the well-pled factual allegations in the Complaint, and the Motion itself, the Court determines that the Motion is due to be granted as set forth herein and further determines that a hearing on this matter is not needed.

**II. Legal Standard**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**III. Discussion**

   **A. Damages**

Frizzell argues that he is entitled to an award of $6,210.00, which represents unpaid overtime compensation, liquidated damages, and unpaid wages due. Upon review of the Motion, the Court agrees that Frizzell is entitled to such relief, and this amount is

3

capable of accurate and ready mathematical computation and ascertainment from Frizzell's Declaration attached to the Motion. The Court's determination is based on Frizzell's representation that:

> I was employed by the Defendant from February 28, 2013 through July 16, 2015, or approximately 124 workweeks as a forklift operator and was paid $13.50 per hour. . . .
>
> At first, I worked only 40 hours per week; however, after my first 12 weeks of employment, my schedule was changed to 42.5 hours per week, for which I was only paid the straight time rate of $13.50 per hour for all hours worked, despite the fact that I was working overtime.
>
> After a review of some of my time and pay records, I was able to estimate my total workweeks at 112, my total unpaid overtime at 2.5 hours per week, and determined that I worked approximately 280 hours of overtime, for which I only received my straight time rate of $13.50 per hour. I am still owed the half-time premium of $6.75 per hour for each of the 280 hours of overtime that I worked. Accordingly, I am owed **$1,890.00** in unpaid ½ time premiums, plus an additional **$1,890.00** for liquidated damages.
>
> During my employment in the Summer of 2014, I worked on a special project from home. . . . I would work nights and weekends to complete the list. My employer was well aware that I completed this assignment from home. I estimate that I worked about 60 hours on the list during that time, for which I received no compensation whatsoever. Accordingly I am owed 60 hours at the overtime rate of $20.25 ($13.50 + $6.75OT Premium) for a total of **$1,215.00** in unpaid overtime plus an additional **$1,215.00** for liquidated damages.
>
> All told, I am owed **$3,105.00** in unpaid overtime premiums and **$3,105.00** for liquidated damages, for a total of $**6,210.00**.

(Doc. # 11-1)(emphasis original).

4

Furthermore, the Court agrees that liquidated damages are appropriate in this case. By statute, "[a]ny employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); see Davila v. Menendez, 717 F.3d 1179, 1185 (11th Cir. 2013) ("An employee ordinarily is entitled to liquidated damages if her employer violated the minimum wage laws."). Moreover, "[w]hen, as here, the defendant[] [has] not presented a defense that the failure to pay . . . overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to 'the amount of their unpaid . . . overtime compensation . . . .'" Fernandez v. Belly, Inc., No. 6:05-cv-1074-Orl-31KRS, 2006 WL 5159188, at *5 (M.D. Fla. May 23, 2006).

Accordingly, the Court finds that Frizzell is entitled to a judgment against Tar-Mak in the amount of $6,210.00, representing his unpaid overtime wages of $2,295.00, $810.00 in unpaid wages due, and an award of liquidated damages in the amount of $3,105.00. The Clerk is directed to enter judgment in favor of Frizzell and against Tar-Mak in the amount of $6,210.00.

### B. Attorneys' Fees and Costs

Frizzell "further requests this Court to reserve jurisdiction to determine the Plaintiff's entitlement and amount of reasonable

5

attorney's fees and costs upon the filing of a separate and proper motion." (Doc. # 11-1 at 2). The Clerk is directed to enter judgment in favor of Frizzell as set forth herein and, thereafter, close this case. However, Plaintiff may, if he so chooses, file a proper motion for attorney's fees and costs within 14 days of the date hereof.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Mark Frizzell's Motion for Entry of Default Final Judgment (Doc. # 11) is **GRANTED** as set forth herein.

(2) The Clerk is directed to enter judgment in favor of Plaintiff and against Tar-Mak USA, Inc. in the amount of **$6,210.00**.

(3) Upon entry of judgment, the Clerk is directed to **CLOSE THIS CASE.**

(4) Plaintiff may, if he so chooses, file a proper motion for attorney's fees and costs within 14 days of the date hereof.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>10th</u> day of November, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record